**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-cv-05421 |
| | ) | |
| LARRY TAYLOR, TODD GAGLIANO, AMERICAN | ) | |
| FIDELITY ASSURANCE COMPANY, and JEFFREY | ) | |
| MATTSSON, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MOTION TO STRIKE PORTIONS OF GAGLIANO'S RESPONSE TO HARTFORD'S STATEMENT OF**</u>
<u>**FACTS AND GAGLIANO'S STATEMENT OF ADDITIONAL FACTS**</u>

NOW COMES Plaintiff, Hartford Fire Insurance Company ("Hartford"), by and through its

attorneys, Michael J. Duffy and Ashley L. Conaghan of Tressler LLP, and for its Motion to Strike

Portions of Gagliano's Response to Hartford's Statement of Facts and Gagliano's Statement of

Additional Facts, states as follows:

Gagliano's Response to Hartford's Statement of Facts and Statement of Additional Facts,

Docket No. 59, is replete with inappropriate argument, conclusions, and inadmissible evidence.

These issues, which are discussed more fully below and in Hartford's Reply to Gagliano's

Statement of Additional Facts, which is incorporated herein, permeate Gagliano's Response and

Statement of Additional Facts.

The purpose of a LR 56.1 Statement is not to be "a forum for factual or legal argument,"

but rather, it is to "identify for the Court the evidence supporting a party's factual assertions in

an organized manner." <u>Malec, v. Sanford</u>, 191 F.R.D. 581, 586 (N.D.Ill. 2000)(J. Castillo)(a LR

56.1 statement of facts "is neither a supplement to nor a surrogate for the memo"). Commingling a party's own characterizations of evidence, inferences and legal conclusions within a LR 56.1 Statement obstructs this objective. <u>Cady v. Miss Paige, Ltd.</u>, No. 02 C 4867 *7 (N.D.Ill. April 29, 2004). In this case, rather than clearly presenting facts that he contends are undisputed and that support his position, Gagliano uses his Response to Hartford's Statement of Facts and his Statement of Additional Facts as an extended brief in which he continues to raise various arguments and cite inadmissible evidence. Gagliano's argument, irrelevant facts, facts unsupported by the record and inadmissible evidence must be stricken.

## I. Legal Arguments and Conclusions Must Be Stricken

Specific paragraphs containing legal argument and/or conclusions should be stricken. <u>See</u>, <u>Judson v. Dhimantec</u>, 529 F.3d 371,382 fn. 2 (7th Cir. 2008)(court was within its discretion to disregard exhibits representing improper legal arguments); <u>Malec</u>, 191 F.R.D. at 583 (inclusion of legal conclusions on the off-chance that one's opponent might not file a correct response and thus make an inadvertent admission is not proper). It is inappropriate to make legal arguments in a Rule 56.1 statement of facts; however, Gagliano's Response to Hartford's Statement of Facts is replete with legal argument.

In Gagliano's Response to Hartford's Statement of Facts Paragraphs 14, 15, 17, 18, 19, 20, 22, 25, 27, 29, 31, 34, although the exact wording varies slightly within each response, Gagliano argues that an identification of individuals "is not possible" from the still images or video footage proffered by Hartford. Gagliano argues that Mattsson's identification of certain videotapes images is not based on his personal knowledge because he was asleep and didn't observe the actions portrayed on the video in person. Mattsson, however, personally reviewed

the surveillance video and was able to identify individuals, who he was acquainted with, on the tape. Consequently, his review and identification of individuals on the surveillance footage is certainly based on his personal knowledge.

Paragraphs 22, 25, 28, 29, 31, 32, 34 purport to deny Hartford's Statement of Facts because of Hartford's reliance on Mattsson's purportedly "self-serving" testimony and/or that Mattsson's credibility is at issue. This is not a *fact* but yet again another argument that Gagliano inappropriately recites in its Response to Hartford's Statement of Facts. Thus, these paragraphs must be stricken.

Furthermore, Gagliano's entire second paragraph in response to Paragraph 28 and Paragraph 40 contain a long list of argument concerning Taylor's alleged implied permission to use the subject car. This is inappropriate argument and consequently must be stricken.

Gagliano continues to inject argument into his Statement of Additional Facts in Paragraphs 5, 7, 9 and 17. First, in Paragraph 5, Gagliano argues that Mattsson actually planned to stop in Chicago to meet men and this was "contrary to what he told his wife and employer," i.e. Mattsson said that he stayed in Chicago instead of driving home. Aside from the other evidentiary issues that are further discussed herein, there is no inconsistency between Mattsson meeting men while staying in Chicago and him telling his wife it was easier to stay in Chicago that weekend instead of driving home; consequently, Gagliano's argumentative statement and characterization must be stricken. In Paragraph 7, Gagliano argues that "there is nothing distinctive about Taylor's posture or gait;" however, this is argumentative and contrary to the evidence cited and in the record. At his deposition, Mattsson also described Taylor as African American, about 5'9" in his mid to late 30s and was wearing "jeans, tennis shoes, a

heavy parka-type coat with a hood with the fur – little fur around the hood, stocking cap." (Id. at 46:22-47:8). Gagliano's characterization of the evidence is improper argument and must be stricken.

Paragraphs 8 and 9 of Gagliano's Statement of Additional Facts claim that Mattsson purchased drugs. However, this is not supported by the evidence given that Mattsson testified that only Mike was to purchase the drugs. (See, Docket No. 59, Ex. A, Mattsson Dep. 42:17-19, 44:5-10, 45:7-12). Thus, Gagliano's characterization is improper. In Paragraph 9 Gagliano argues that Mattsson "trusted" Taylor. This is not supported by admissible facts and was in fact based on Taylor's testimony in response to counsel's improper, leading questions which assumed that Mattsson "trusted" Taylor.[1] Finally, in Paragraph 17, Gagliano argues that Taylor felt that he could use Mattsson's car to drive Toomer to the train station and had no intention of stealing the car based on improper questions, which assumed facts not in evidence.[2] Such

---

[1] In support of this statement of fact that Mattsson "trusted" Taylor, Gagliano relies on the following testimony from **Taylor's** deposition:

> Q.     He left you in the hotel room alone even though it was hotel room, right?
> A.     Yes.
> Q:     He – it seemed as if he trusted you –
> A.     Yes.

Exhibit C, Taylor Dep. 37: 18-24.

> Q.     Because you felt that Jeff was entrusting you –
> A.     Yeah.
> Q      - to the hotel room, right?
> A.     Yeah.

Exhibit C, Taylor Dep. 41:11-15.

[2] Gagliano relies on counsel's loaded question.

> Q.     You felt based on the friendship that you had with Jeff that you could drive his car; is that correct?
> A.     I just –
> Mr. Duffy: Objection, form.
>  Mr. Levin:
> Q.     You can Answer.
> A:     I drove- I- I guess.

Exhibit C, Taylor Dep. 49:23-50:09.

argument and characterizations are inappropriate in a statement of facts and should be stricken.

## II.      Irrelevant and Immaterial Facts Must Be Stricken

Paragraphs in a LR 56.1 statement "should be limited to *material* facts that is, facts pertinent to the outcome of the issues identified in the summary judgment motion." Malec, 191 F.R.D. at 583 (emphasis added).  Gagliano clutters his Statement of Additional Facts with a large amount of material that has no relevance to the issues in the present dispute such as sexual activity and drug use, Mattsson's arrest, Mattsson's employment, and Taylor's intent concerning the car.  None of this material is relevant or material to the outcome of this case or Hartford's motion and, therefore, it should be stricken.

### A.      Sexual Activity and Drug Use

Gagliano repeatedly refers to sexual activity and/or drugs in his statement of additional facts in Paragraphs 6, 8, 9, 11, and 14.  Nevertheless, aside from the other evidentiary issues with respect to this testimony, Mattsson's drug use and alleged sexual activities are irrelevant to the coverage issues in question because it does not tend to make it more or less probable whether Taylor was driving the car with permission on the night in question.  See, Fed. R. Evid. 401.  Alternatively, the reference to the sexual activity and/or drugs is substantially more prejudicial than probative.  See, Fed. R. Evid. 403.

### B.      Mattsson's Arrest

Paragraphs 21 and 22 concern Mattsson's arrest for possession of methamphetamines and the Chicago Police Department's recovery of drugs in the trunk of his car.  The recovery of the drugs inside Mattsson's car and his subsequent arrest is not relevant to the coverage issues

herein and does not make it any more or less probable that Taylor was driving the car without permission. Moreover, the arrest would be inadmissible even as impeachment under Federal Rules 609 because that rule applies only to convictions. See, Fed. R. Evid. 609 (impeachment by evidence of criminal conviction).

### C. Employment

Gagliano's Statement of Additional Facts also concern several purported facts concerning Mattsson's travel plans and employment with American Fidelity. Paragraphs 1-5 of Gagliano's Statement of Additional Facts concern Mattsson's employment and the reason why he came to Chicago on the weekend of November 20-21. All of which are irrelevant to the coverage issues in this case and should be stricken.

Moreover, Paragraphs 25 and 26 which concern Mattsson's emails to and from his employer concerning the accident. First, Mattsson's communications with American Fidelity have no bearing on the Court's coverage determination. Moreover, these documents are hearsay and if Gagliano seeks to use these communications as impeachment for purportedly not detailing the incidents to his employer, these emails would be substantially more prejudicial than probative. Mattsson testified that he did not give detailed information on what he should tell his employer because he hadn't consulted with an attorney. (Exhibit A, Mattsson Dep. 83:11-16).

### D. Taylor's Intent On His Use Of The Car

In Paragraph 17, Gagliano's purported factual support concerning Taylor's alleged intent regarding use of the car, i.e. that Taylor did not intend to steal the car but only use the car for a

while is irrelevant and inadmissible.[3]  Aside from the evidentiary issues with respect to the questions eliciting this testimony, Taylor's intent is irrelevant because tortious conversion, an exception to the initial permission rule, does not require a showing of culpability.  See, Landfield Finance Co. v. Feinerman, 3 Ill.App.3d 487, 490, 279 N.E.2d 30 (1st Dist. 1972)(tortious conversion does not require a showing of malice, culpability or wrongdoing). Consequently, Taylor's intent is irrelevant and this Paragraph should be stricken.

**III.    Gagliano's Responses Not Supported By Evidence Must Be Stricken**

LR 56.1(a) also requires that Gagliano cite to material that support his purported factual assertions.  A general denial is insufficient, the "nonmovant must cite specific evidentiary materials justifying the denial."  Malec, 191 F.R.D. at 584.  Several paragraphs do not support the stated characterizations of Gagliano's argument and should be stricken.

Paragraphs 13, 15, 17, 18, 19, 20, 22, 25, 27, and 34 all contain Gagliano's argument that Hartford exhibits A-1, B, C, C-1, C-3 or D do not support its position.  It appears that Gagliano's evidence consists of its argument that images are not clear enough to be identified from the video footage.  Aside from being argumentative, Gagliano's denial is not supported by any evidence in the record.  Gagliano simply denies that the exhibits support Hartford's position without citing to any other evidence.[4]

---

[3] Gagliano relies on  counsel's loaded question.

> Q.        You felt based on the friendship that you had with Jeff that you could
>            drive his car; is that correct?
> A.        I just –
> Mr. Duffy: Objection, form.
>  Mr. Levin:
> Q.        You can Answer.
> A:        I drove- I- I guess.

Exhibit C, Taylor Dep. 49:23-50:09.

[4] Moreover, the record indicates that both Mattsson and Toomer were able to identify individuals on the surveillance tape.  Docket No. 59, Exhibit A, Mattsson Dep., 129:9-130:2; Docket No. 59, Exhibit D, Toomer Dep.

Paragraph 36, 37 and 38 state that Gagliano disputes those paragraphs on the basis that Mattsson did not notice the damage before checking out, that Mattsson thought the damage was caused by vandalism, and that Mattsson did not know that the car company was involved in a hit and run accident, because the exhibits cited by Hartford do not support Hartford's position. Gagliano has offered no factual support to the contrary.

In Response to Paragraph 21, Gagliano disputes that Mattsson did not leave the hotel room after about midnight on the night of the accident because the surveillance video depicts an individual leaving the hotel room at 1:00 a.m. to access a vehicle. Gagliano claims that Mattsson did not identify the individual at that time but argues that the individual is Mattsson based on "behavior" and that Mattsson accessing the trunk is only explanation for the fact that the Chicago Police Department recovered drugs. However, Gagliano cites to *no* evidence to support this conclusion. Gagliano's counsel merely speculates that this individual is Mattsson.

In Response to Paragraphs 23 and 28, Gagliano's response contains a boilerplate sentence that "Gagliano disputes all other statements contained in the Paragraph." Such a general denial is insufficient and Gagliano's purported "facts" are all argumentative. Consequently, the above referenced paragraphs should be stricken.

Hartford also moves to strike Paragraph 9 and 17 of Gagliano's Statement of Additional Facts where Gagliano contends that Mattsson was not able to obtain any drugs as that is not supported by evidence in the record. In fact, Mattsson testified that Taylor and Mike were looking to purchase drugs, Mattsson allowed Mike to borrow some money, and Mike purchased

---

27:5-10, 27:17-21, 28:24-29:9. Gagliano has not offered any evidence to dispute their testimony and/or the identification.

the drugs while Mattsson waited at a Jewel grocery store.  See, Docket No. 59, Ex. A, 42:17-19, 44:5-10, 45:7-12.  Paragraph 17 also states that Taylor felt that he could drive the car based on his "friendship," however, Taylor's own testimony establishes that Mattsson and Taylor do not have a "friendship."  Exhibit C, Taylor Dep. 26:21-27:6, 49:23-50.  Gagliano fails to cite any other supporting evidence.  Therefore, these portions of Gagliano's Statement of Additional Facts should be stricken.

**IV.    Gagliano's Inadmissible Evidence Must Be Stricken**

In ruling on a motion for summary judgment, the Court considers only evidence that would be admissible at trial.  See, Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000).  Gagliano's Statement of Facts is full of inadmissible hearsay, speculation, and testimony without foundation and/or personal knowledge.  Consequently, Gagliano's inadmissible evidence must be stricken.

**A.    Inadmissible Hearsay**

Gagliano seeks to rely on several inadmissible hearsay statements.  Such hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible at trial.  Eisenstadt v. Centel Corp., 113 F.3d 738, 742 (7th Cir. 1997).  Moreover, Gagliano has not and cannot show that an exception would be applicable to admit the statements.  See, Bourjaily v. United States, 483 U.S. 171, 175-76 (1987)(proponent of hearsay has the burden to prove that the statement is admissible).  Portions of the following Statement of Additional Facts have hearsay and should be stricken: 2, 3, 4, 5, 12, 14, 23, 24, 25, 26, and 33.  A brief description of each statement of fact follows.

Paragraphs 2 through 5 of Gagliano's Statement of Additional Facts concern Mattsson's travel arrangements to Chicago. In Paragraph 2, Mattsson's statement to his wife is inadmissible hearsay evidence. Moreover, statements made to his wife are protected by the spousal privilege. 735 ILCS 5/8-801 (generally, spousal communications are privileged). Statements to American Fidelity, in Paragraph 3 and 4, are also inadmissible hearsay. In addition to counsel's argumentative characterization in Paragraph 5 that Mattsson's Chicago trip was "contrary to what he told his wife and employer," this statement should be stricken given that what Mattsson told his wife and employer are inadmissible hearsay evidence. Moreover, in support of Paragraph 5, Gagliano cites to testimony from the deposition of Officer Martin concerning what she recalled were Mattsson's statements to Officer Martin; however, this statement is also inadmissible hearsay and must be stricken.

Paragraph 12 concerns a conversation between Mattsson and Toomer at the hotel about Toomer's travel arrangements and that Mattsson assured Toomer that he would get Toomer home that night. (Exhibit D, Toomer's Dep. 39:20-40:2). These same facts were offered in Gagliano's Response to Hartford's Statement of Facts in Paragraphs 23, 28, and 40. This conversation is inadmissible hearsay and these Paragraphs should be stricken.

Gagliano also relies on testimony of two police officers; however, this testimony contains hearsay statements which are inadmissible. Paragraph 14, 23, and 24 concern the testimony of Chicago Police Officers Joanna Martin and Bogulima Galey, which again recount

statements Mattsson allegedly made to the officers. These statements are inadmissible hearsay and must be stricken.[5]

Paragraphs 25 and 26, and corresponding Exhibits I and J, are emails between American Fidelity and Mattsson. These emails and exhibits should be stricken as inadmissible hearsay.[6] Finally, in Paragraph 33, Gagliano relies on Taylor's statement to Mattsson in the hotel room, which is also inadmissible hearsay. Because the above paragraphs contain inadmissible hearsay, they must be stricken.

**B.      Taylor Lacks Personal Knowledge of The Key Events And His Testimony Is Inadmissible.**

In Paragraphs 18, 19, and 20, Gagliano cites to Taylor's deposition testimony that he was not driving Mattsson's car and was not involved in the subject accident. First, this testimony is in response to inappropriate leading questions which concern facts not in evidence. Gagliano's counsel assumes that Taylor did not drive the car after driving Toomer to the train station and that Taylor did not wake up until 9:30 a.m. See, Ex. C, Taylor Dep. 52:3-8. Consequently, Gagliano's question and Taylor's answer should be stricken. Moreover, Taylor's testimony is not admissible evidence because, as Taylor admits, Taylor does not remember the events in question and does not remember if he was driving the car. See, Deposition of Larry Taylor, Docket No. 59, Exhibit C, 54:12-20, 56:17-22 (Apr. 16, 2012). A witness must have personal

---

[5] To the extent that Gagliano seeks to use the police report from the officer's deposition, the police report still contains Mattsson's statement, which is similarly inadmissible hearsay. Woods v. City of Chicago, 234 F.3d 979, 986 (7th Cir. 2000)(third party statements in the police report must independently fall within a hearsay exception). Moreover, to the extent that Gagliano seeks to use the statement not for the truth of the matter, but for another use as impeachment, Gagliano has not offered any evidence that Gagliano confronted Mattsson with any statement that he made to the police. Therefore, it is improper to use such statements for even a permissible non-hearsay purpose.

[6] To the extent that Gagliano seeks to use the statement not for the truth of the matter, but for another use such as impeachment, Gagliano has not offered any evidence that Gagliano confronted Mattsson with any statement that he made to his employer, American Fidelity. Therefore, it is improper to use such statements for even a permissible non-hearsay purpose.

knowledge of the matter in order to testify, which includes a sufficient recollection of the events.  See, Unterreiner v. Volkswagen of Am., Inc., 8 F.3d 1206, 1211-1212 (7th Cir. 1993)(witness's testimony cannot defeat summary judgment where witness previously admitted lacking recollection of the events because a witness must have personal knowledge in order to testify); Reyno v. PNB Remittance Centers, Inc., Case No. 09 C 4446 *15 (N.D. Ill. July, 22 2011)(witness's limited memory is not sufficient to defeat summary judgment); see also, Fed. R. Evid. 602 (witness must have personal knowledge of the matter)

Taylor's testimony reflects a woefully insufficient recollection.  Taylor testified that he thought he met Mattsson at a hotel in February, presumably in 2011; instead, Gagliano's counsel constantly testified in his questioning that "it was November of 2010." See, Docket No. 59, Ex C, Taylor Dep. 19:11-18, 32:3-8.  He does not remember where the hotel was located, the name of the hotel, or even a description of the hotel; instead Gagliano's counsel supplied the answer.  Id. at 20:10-22, 21:11-16, 29:16-30:16.

Gagliano relies on loaded, leading questions to support his argument that Taylor was not in a car accident which should be stricken; however, when Taylor was asked if he drove the car at the time of the accident, in an effort to clarify his testimony, Taylor answered that he didn't remember driving the car.  Id. at 54:12-20.  In fact, Taylor admits that he does not remember if he even hit Todd Gagliano.

> Q:        You did not hit Todd Gagliano at any time, correct?
> A:        I don't think so, no.
> Mr. Levin:    I want to take a break for a moment.
> By the Witness:
> A:        Because I don't remember.

Taylor Dep., Docket No. 59, Ex C, pg 56:17-22.

Furthermore, Taylor was high and drunk throughout the time in question. He admitted that he did drugs before going to the hotel, at the hotel, and almost every day during that time period and Taylor testified that he was drinking beer. Id. at 32:22-33:10, 44:3-5, 61:23-62:18. Taylor also admitted that he did not remember certain events because he was high. Id. at 61:2-16. See, GW Equity LLC v. XCentric Ventures LLC, Case No. 3:07-cv-976-O *19-23 (N.D. Tex Jan. 9, 2009)(court found that a witness did not have personal knowledge to testify because of witness's admission that he did not remember some events and he was intoxicated at the time of the events). Therefore, Taylor, is in fact an incompetent witness because he lacks personal knowledge. Consequently, because Gagliano relies solely on Taylor's deposition testimony in Paragraphs 18-20, Paragraphs 18-20 must be stricken in their entirety.

### C.    Speculative and Lacks Foundation

Gagliano's statement of facts is supposed to isolate material facts for the assistance of the Court; however, as further detailed in Hartford's Reply, it contains speculation on various issues which is inadmissible. Thomas v. Sheahan, 499 F.Supp.2d 1062, 1072 (N.D.Ill. 2007)(J. Castillo)(court will not consider speculation in a statement of facts). Accordingly, these are not facts and should be stricken. See, Chisholm v. Foothill Capital Corp., 3 F.Supp.2d 925 (N.D.Ill. 1998)(striking portion of an affidavit as speculation).

In Gagliano's Response to Paragraph 21, Gagliano disputes that Mattsson did not leave the hotel room the remaining portion of the night because the surveillance video depicts an individual leaving the hotel room at 1:00 a.m. to access the vehicle. Gagliano claims that Mattsson did not identify the individual at that time but argues that the individual is in fact,

Mattsson based on "behavior" and Mattsson's accessing of the trunk.[7]  There is no evidence this person is Mattsson.[8]

Moreover, in response to Paragraph 32 and in partial response to Paragraph 21, Gagliano disputes that Mattsson did not wake up before 9:30 a.m. because of certain activity in the hotel room at 3:37 a.m. and 4:02 a.m. on the surveillance footage.  Aside from offering no specific evidence, Gagliano merely speculates that Mattsson was the individual at those times on the tape.  There is no evidentiary support for Gagliano's argument in this regard and inappropriate, speculative characterizations and must be stricken.

In addition to Gagliano's Responses to Hartford's Statement of Facts, the following Statements of Additional Fact also contain speculation and should be stricken: Paragraphs 4, 9, 15, 18, 19, and 20.  Paragraph 4 concerns American Fidelity's assent of Mattsson's travel plans to Chicago is speculative as Mattsson testified that he does not recall informing American Fidelity of his travel plans.  In Paragraph 9, Gagliano speculates that Mattsson "trusted" Taylor based on Taylor's speculative response to counsel's improper, leading questions which assumed facts not in evidence.  Paragraph 15 concerns Gagliano claim that Mattsson exited the hotel room at 1:00 a.m. based on the surveillance tape; however, Gagliano provides no evidence that this individual is Mattsson nor does Gagliano provide any testimony that someone else has identified this individual as Mattsson.[9]  Gagliano's entire Paragraph 15 is mere speculation and argument and is inappropriate for a Statement of Fact.  Because Taylor

---

[7] Ironically, Gagliano previously claimed that the surveillance tape was so poor that Mattsson and Toomer could not have possibly been able to identify people on the tape who were known to them.

[8] Moreover, the evidence in the record supports that this individual was Taylor.  Mattsson testified that he fell asleep sometime around or after midnight. Exhibit A, Mattsson Dep, 62:7-13, 65:1-3.  After Mattsson was asleep, Toomer testified that Taylor briefly left the hotel room.  See, Ex. D, Toomer Dep. 67:9-24.

[9] This is contrary to Mattsson's testimony that he fell asleep after midnight and did not leave the hotel room until the following morning around noon.  Docket No. 59, Exhibit A, Mattsson Dep. 62:7-13, 65:1-3.

lacks personal knowledge, as discussed above, Paragraphs 18, 19, and 20 are similarly mere speculation and not appropriate "facts." Accordingly, these paragraphs should be stricken.

WHEREFORE, Plaintiff, Hartford Fire Insurance Company, requests that this Court enter an order striking the above portions of Gagliano's Response to Hartford's Statement of Facts and Statement of Additional Facts.

Respectfully submitted,

HARTFORD FIRE INSURANCE COMPANY

By: _____ /s/ Ashley L. Conaghan _____
          One of Its Attorneys

Michael J. Duffy
Ashley L. Conaghan
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606-6308
(312) 627-4000

Doc# 540749